# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.5) (Chicago)
## CRIMINAL DOCKET FOR CASE #: 1:26-cr-00199-1
## Internal Use Only

Case title: USA v. Sklarov

Other court case number: 26 CRIM 165 Southern District of New York

Date Filed: 05/04/2026

Date Terminated: 05/08/2026

Assigned to: Honorable M. David Weisman

### Defendant (1)

**Vladimir Sklarov**
*TERMINATED: 05/08/2026*
*also known as*
Val Sklarov
*TERMINATED: 05/08/2026*
*also known as*
Gregory Mitchell
*TERMINATED: 05/08/2026*
*also known as*
Mark Simon Bentley
*TERMINATED: 05/08/2026*

represented by **Erin Kies DeGrand**
Federal Defender Program
55 E. Monroe St.
Suite 2800
Chicago, IL 60603
(312) 621-2026
Fax: Not a member
Email: erin_degrand@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

### Pending Counts

None

### Disposition

### Highest Offense Level (Opening)

None

### Terminated Counts

None

### Disposition

### Highest Offense Level (Terminated)

None

### Complaints

18:3146.Failure t

### Disposition

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ B. IRIZARRY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
May 11, 2026

### Plaintiff

**USA**

represented by **Vincenza Lamonica Tomlinson**
U.S. Attorney's Office
Northern District of Illinois

327 South Church Street
Suite 3300
Rockford, IL 61101
(815) 987-4444
Fax: Active
Email: vincenza.tomlinson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**AUSA - Chicago**
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Pretrial Services**
.
(312) 435-5793
Fax: Not a member
Email:
ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov
*ATTORNEY TO BE NOTICED*
*Designation: Pretrial Services*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/02/2026 | | ARREST of defendant Vladimir Sklarov (bi,) (Entered: 05/05/2026) |
| 05/04/2026 | 1 | RULE 5(c)(3) Affidavit in Removal Proceedings signed by Judge Honorable M. David Weisman as to Vladimir Sklarov (1) (bi,) (Entered: 05/04/2026) |
| 05/04/2026 | | ORAL MOTION by Erin DeGrand for leave to file an appearance on behalf of Defendant (bi,) (Entered: 05/05/2026) |
| 05/04/2026 | | ORAL MOTION by USA for detention/removal (bi,) (Entered: 05/05/2026) |
| 05/04/2026 | 2 | ORDER: Initial Appearance held. Removal proceedings held. Defendant Vladimir Sklarov arrested on 5/2/26 and appeared before Judge Weisman on 5/4/26 in response to an arrest warrant issued out of the Southern District of New York. Defendant sworn in and the Court questioned and admonished defendant and finds that the defendant is able to understand rights as they are reviewed. The defendant was advised of rights and the charges pending against him pursuant to Fed. R. Crim. P. 5. Attorney Erin DeGrand's oral motion for leave to file an appearance on behalf of Defendant is granted. Enter order appointing Erin DeGrand as counsel for defendant. The Government's oral motion for detention/removal in custody is entered and continued. Detention hearing set for 5/6/26 at 2:00 p.m. before Judge Weisman in courtroom 1743. Defendant ordered to appear in person by U.S. Marshals Service for the hearing. The Government advised the Court that the charging district will appeal this Court's ruling as it relates to defendant's detention should the defendant be released. The Court orders the Government to confer with the U.S. Attorney's office in the Southern District of New York to see if the district judge in the Southern District of New York would order the defendant to be transported |

| | | |
|---|---|---|
| | | in custody for any review of this Court's detention decision. Defendant was advised of his right to a so-called identity hearing and is not contesting. Fed. R. Crim. P. 5(c)(3)(D)(ii). Defendant advised of his right under Rule 20 to resolve the pending charges in the Northern District of Illinois and waives his right. Defendant does not wish for the Consulate to be notified. Pursuant to Federal Rule of Criminal Procedure Rule 5(f)(1), the court confirms the prosecutor's continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, to disclose information favorable to the defendant that is material to guilt or punishment. Failure to disclose may result in various consequences, including but not limited to: exclusion of evidence, adverse jury instructions, a mistrial, dismissal of charges, vacatur of a conviction or guilty plea, disciplinary action against the prosecution, and contempt proceedings. Signed by the Honorable M. David Weisman on 5/4/2026. Mailed notice. (bi,) (Entered: 05/05/2026) |
| 05/04/2026 | 3 | ORDER Appointing Counsel Erin Kies DeGrand for initial appearance only. Signed by the Honorable M. David Weisman on 5/4/2026. Mailed notice. (bi,) (Entered: 05/05/2026) |
| 05/04/2026 | 4 | ATTORNEY Appearance for defendant Vladimir Sklarov by Erin Kies DeGrand (bi,) (Entered: 05/05/2026) |
| 05/05/2026 | 5 | MINUTE entry before the Honorable M. David Weisman as to Vladimir Sklarov: At defendant's emailed request and by agreement, and upon the Court finding good cause, the detention hearing set for 5/6/26 is stricken and reset to 5/8/26 at 10:30 a.m. to allow defense counsel more time to prepare for the hearing. See allowing 18 U.S.C. §3142(f)(2) (allowing detention hearing to occur more than 5 days from date of initial appearance upon a finding of good cause). Defendant ordered to appear in person by U.S. Marshals Service for the hearing. Mailed notice (ao, ) (Entered: 05/05/2026) |
| 05/06/2026 | 6 | PRETRIAL Bail Report as to Vladimir Sklarov (SEALED) (Flores, Alyssa) (Entered: 05/06/2026) |
| 05/08/2026 | 7 | ORDER: Detention hearing held. Based on the testimony presented and for the reasons stated on record, the Government's motion for detention is granted. The Court finds that the Government has met its burden. Given all of the reasons stated on the record, the Court believes there are no conditions of release that will ensure defendant's appearance before the court. The Court orders the defendant to be detained and shall be removed in the custody of the U.S. Marshals to the Southern District of New York, forthwith. Enter Commitment to Another District. Status hearing set for 6/10/26 at 9:00 a.m. before Judge Weisman to ensure Defendant has been removed to the Southern District of New York. The Government shall file a status report by noon on 6/5/26 advising whether Defendant has been removed to the Southern District of New York and appeared before a Judge in that district. If the status report confirms that Defendant has been removed in custody to the Southern District of New York and has appeared before a Judge, the hearing will be stricken. Written order to follow. Signed by the Honorable M. David Weisman on 5/8/2026. Mailed notice. (bi,) (Entered: 05/11/2026) |
| 05/08/2026 | 8 | ORDER OF DETENTION PENDING TRIAL. Signed by the Honorable M. David Weisman on 5/8/2026.Mailed notice. (bi,) (Entered: 05/11/2026) |
| 05/08/2026 | 9 | COMMITMENT TO ANOTHER DISTRICT as to Defendant Vladimir Sklarov committed to Southern District of New York., (Terminated defendant Vladimir Sklarov). Signed by the Honorable M. David Weisman on 5/8/2026. Mailed notice. (bi,) (Entered: 05/11/2026) |
| 05/11/2026 | 10 | CERTIFIED and Transmitted to Southern District of New York the complete record as to Vladimir Sklarov via E-mail. (bi,) (Entered: 05/11/2026) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

VLADIMIR SKALROV

Case No. 26 CR 199

M. David Weisman
Magistrate Judge

## ORDER OF DETENTION PENDING TRIAL

The UNITED STATES OF AMERICA by its attorney, ANDREW BOUTROS, United States Attorney for the Northern District of Illinois, has moved this Court to detain Defendant, pursuant to Title 18, United States Code, Section 3142, based on srious risk of flight. This Court, having reviewed and considered the evidence presented, as well as having heard argument from both parties on this matter, hereby finds:

### Charges Against Defendant

1. Defendant has been charged in a three count indictment with two counts of wire frand (including conspirary thereof) and one count of conspiracy to commit money laundering (see 18 U.S.C. §1343, 1349, and 1956).

### Applicable Law

2. As an initial matter, there is no applicable presumption of detention in this case. *See* 18 U.S.C. § 3142(e)(3).

### Burden of Proof

3. A finding that no condition or combination of conditions could reasonably assure the appearance of Defendant as required must be established by a

preponderance of the evidence. *Portes*, 786 F.2d at 764 (adopting preponderance of the evidence standard in light of "congressional silence" on the issue).

### Analysis of Statutory Considerations

4. The Court finds the statutory factors enumerated in 18 U.S.C. § 3142(g) support detention of Defendant because the evidence presented before this Court establishes by a preponderance of the evidence that no condition or combination of conditions could reasonably assure the appearance of Defendant as required.

5. The Court considers and analyzes the statutory factors (*see* 18 U.S.C. §3142(g)(1) – (4)) as follows:

a. The offense, as charged and described by the government at the detrention hearing, is a complex financial fraud scheme that persisted for many years, that is sophisticated in nature, involved hundreds of millions of dollars, with alleged transfers of unlawful proceeds among family members as part of the scheme. The alleged scheme also involved Defendant's use of an alias, and multiple false representations, and breaches of trust.

b. The weight of evidence against Defendant is substantial and therefore weighs strongly in favor detention. The government's recitation of the acts allegedly taken by the Defendant to accumulate and then distribute the proceeds of the scheme is remarkable. Further, and as discussed *infra*, the government presented evidence that in 2018, the Defendant in a sworn affidavit stated *inter alia* that he was "indigent with no economic resources whatsoever and is struggling to survive on a daily basis," and that Defendant "along with his family, are indeed on

2

the imminent verge of moving to a shelter and becoming a public charge[.]"  See Exhbiit D.  Yet, even putting aside the government's evidence, the Defendant admits to a complete, and unexplained economic turnaround, that allows for the remodeling of a family home in an exclusive Chicagoland enclave; at least two other global residences, one in the state of Georgia, and one in Greece;  and engaging in international travel on a routine basis, in part to oversee the remodeling of the family home.  Adding on top of these uncontested circumstances, the government's proferred evidence, the strength of the government's case is overwhelming.  Moreover, the Court finds that the substantial evidence against Defendant—relating to his alleged fraudulent activities and ability to travel the world--demonstrates that Defendant poses a future risk of flight.  *See United States v. Lewis*, 2023 WL 4351244 at *1 (7th Cir. 2023) (slip copy) (holding that the that the weight of evidence is only relevant to the extent that the charged conduct demonstrates that Defendant poses a future risk to the community or a risk of flight).  As the government argued, based on the evidence presented, Defendant has access to private jets, and residences around the globe, as well as citizenship in several countries.

        c.     Defendant's character weighs strongly in favor of detention. Defendant appears to have a significant problem with honesty before the courts. As noted above, Defendant's sworn statement in 2018 claimed extreme poverty.  Then, in short order, Defendant achieved extreme wealth, with no plausible explanation. Further, in a New York state court proceeding, the presiding judge found the Defendant in contempt for multiple apparently false or fabricated statements before

3

that court. See Exhibit E, pp. 5 – 7 of the contempt finding in Satterfield v. Vstock Transfer, LLC, et al. (summarizing false and questionable declarations made to the court). Finally, Defendant filed in an affidavit in a civil matter in the S.D.N.Y. stating that he does "not currently live in the United States" as of March 6, 2025, but would have this Court believe that he has lived in the state of Georgia since 2017. See Pretrial Services Report, p. 2. Defendant's integrity and honesty are questionable, at best.

d.      Defendant's physical and mental condition are neutral factors as they related to this detention decision.

e.      Defendant's family ties weigh in favor release. Several family members attended the detention hearing, some traveling great distances to appear. Further, one of his many children offered to serve as a third-party custodian if the Defendant were released.  That said, the Court recognizes that, based on the government's proffer of the millions of dollars that have been transferred to various family members, their collective support of the Defendant and willingness to appear on his behalf may be motivated by concerns beyond affection towards the Defendant.

f.      Defendant's employment history weighs in favor of detention.  In short, Defendant elected not to provide employment history, which raieses concerning questions with the Court given Defendant's remarkable economic turnaround since the dire straights he found himself in 2018, especially given the nature of the charged conduct.

4

g. Defendant's financial resources weigh strongly in favor of detention. Defendant is not only wealthy, he is apparently extremely wealthy, which suggests that he has the means to leave this country (*see supra*) and then evade arrest. Further, Defendant's ownership of residences abroad only serve to increase this risk.

h. Defendant's length of residence in the community, and community ties weigh strongly in favor of detention. As noted *supra*, Defendant has been inconsistent to the point of dishonest as to where he currently lives, where he has lived, and with whom.

i. Defendant's history relating to drug or alcohol abuse is a neutral factor.

j. Defendant's criminal history weighs in favor of detention. Defendant has been previously convicted of federal fraud offense.

k. Defendant's record of appearing in other court proceedings would be seemingly a favorable factor for the Defendant. Yet, for all the reasons noted above as to Defendant's lack of candor in judicial proceedings, the Court finds this factor to favor detention. The purpose of this consideration is whether a defendant has abided by previous court orders to appear for court proceedings (generally in the criminal context). Here, the Defendant has generally done that, but he has repeatedly dissembled to courts in the civil context. Therefore, the Court finds this factor weighs in favor of detention. Further, even if this Court's application of this consideration is deemed improper, the Court's decision as to detention would not change.

5

6. In summary, these factors weigh strongly in favor of detention. The Court thus finds by a preponderance of evidence that the Defendant poses a serious risk of non-appearance, and that no condition or combination of conditions would mitigate this risk. The Court is mindful that the Bail Reform Act requires an explanation as to why no condition or combination of conditions will assure the Defendant's appearance as required if Defendant is released pending trial. *See United States v. Lewis*, 2023 WL 4351244 at *1 (7th Cir. 2023) (slip copy); 18 U.S.C. § 3142(e)(1), f(2), (g); *Dominguez* at 706-707. For the reasons already noted, as well as the following reasons, the Court finds that none of the offered conditions or combination of conditions of release will reasonably assure "the appearance of [Defendant] as required." *See* 18 U.S.C. § 3142(e). The Defendant offers a third-party custodian (his daughter) as a condition. Yet, the daughter has received proceeds from the Defendant of the alleged scheme, and certainly would have little ability to control the Defendant's decision to violate conditions of release. Further, the Pretrial Services Report suggests that the Defendant's daughter's residence is unclear. See Pretrial Services Report, p. 2 (listing multiple addresses where the daughter lives, and suggests that her current address is not the address that public sources indicate she resides). Finally, even if the Court added electronic monitoring as condition, that condition is not considered an adequate deterrence as to flight risk but rather is considered a protection against potential danger to the community.

6

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 3142(e)(3), that Defendant shall remain in custody until further order of the Court or resolution of this case.

IT IS FURTHER ORDERED that Defendant shall be afforded reasonable opportunity for private consultation with his counsel.

IT IS FURTHER ORDERED that upon order of the United States District Court or on request of an attorney of the government, the Warden of the facility housing Defendant shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_M. David Weisman_

M. DAVID WEISMAN
United States Magistrate Judge

DATE: May 8, 2026.

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ B. IRIZARRY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
May 11, 2026



**UNITED STATES DISTRICT COURT**
**Northern District of Illinois**
**219 South Dearborn Street**
**Chicago, Illinois 60604**

**Thomas G. Bruton**                                                    **(312) 435-5670**
**Clerk**

**Transfer of Criminal Case**

5/11/2026

Southern District of New York

Case Title:  USA v. Sklarov

Northern District of Illinois Case No.:  1:26-cr-00199-1    Other Court's Case No.:  26 CRIM 165

Dear Sir/Madam:

Enclosed please find a <u>certified copy</u> of the docket sheet and documents being transferred to your court pursuant to:


**F.R.CR.P 5:**                                                    ☐ In    ☒ Out

☒  Order.
☒  Commitment Order.
☐  Bond Transfer.
☐  Order Setting Conditions of Release.
☐  Appearance bond.
☐  Financial Affidavit.

**18 U.S.C § 3605 Transfer of Jurisdiction Probation 22**    ☐ In    ☐ Out

☐  Certified copy of the Probation 22 form.
☐  Indictment.
☐  Information.
☐  Superseding Indictment.
☐  Superseding Information.
☐  Sentencing Order.
☐  Amended Sentencing Order.
☐  Rule 12B form.

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ B. IRIZARRY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
May 11, 2026

Revised 10/03/16

☐ Email us a certified copy of the charging instrument, judgment, signed Probation 22 form and the docket sheet.

☐ **F.R.Cr.P. 20**    ☐ **F.R.Cr.P. 21**         ☐ In  ☐ Out

☐ Indictment.

☐ Information.

☐ Superseding Indictment.

☐ Superseding Information.

☐ Sentencing Order.

☐ Consent to Transfer Jurisdiction.

Sincerely,
Thomas G. Bruton, Clerk of Court

By: /s/B. Irizarry
    Deputy Clerk

---

### TO BE COMPLETED BY THE RECEIVING DISTRICT

Please acknowledge receipt via email to: docketing_ilnd@ilnd.uscourts.gov

Date:

Clerk, U.S. District Court
By:
Deputy Clerk

Revised 10/03/16

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 26cr199 |
| Vladimir Sklarov | ) |
| | ) Charging District's Case No. 26CRIM165 |
| *Defendant* | ) |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the <u>Southern</u> District of <u>New York</u>,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language: _____ .

The defendant:   ☐ will retain an attorney.

      ☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:    5/8/2026

             *M. David Weisman*
                   *Judge's signature*

         M. David Weisman U.S. Chief Magistrate Judge
               *Printed name and title*

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ B. IRIZARRY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
May 11, 2026

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No: 26cr199 |
| | ) | |
| v. | ) | Magistrate Judge: M. David Weisman |
| | ) | |
| Vladimir Sklarov, | ) | |
| | ) | |
| Defendant(s), | ) | |

## ORDER

Detention hearing held. Based on the testimony presented and for the reasons stated on record, the Government's motion for detention is granted. The Court finds that the Government has met its burden. Given all of the reasons stated on the record, the Court believes there are no conditions of release that will ensure defendant's appearance before the court. The Court orders the defendant to be detained and shall be removed in the custody of the U.S. Marshals to the Southern District of New York, forthwith. Enter Commitment to Another District. Status hearing set for 6/10/26 at 9:00 a.m. before Judge Weisman to ensure Defendant has been removed to the Southern District of New York. The Government shall file a status report by noon on 6/5/26 advising whether Defendant has been removed to the Southern District of New York and appeared before a Judge in that district. If the status report confirms that Defendant has been removed in custody to the Southern District of New York and has appeared before a Judge, the hearing will be stricken. Written order to follow.

T: (00:50) Detention

Date: May 8, 2026

_____

M. David Weisman
United States Magistrate Judge

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ B. IRIZARRY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
May 11, 2026